UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

REPORT AND RECOMMENDATION

* * * * * * * * * * * * * * * * * * *

Gregory Curtis, Joni Kay Hanzal, Josephine Leonard, Randy Hoskins, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

Altria Group, Inc., and Philip Morris USA, Inc.,

Defendants. Civ. No. 05-2231 (PJS/RLE)

* * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiffs' informal Motion to Remand this matter to the Minnesota State Courts. See, Docket No. 54. In an informal response to the Motion, see Docket No. 53, the Defendants expressed no objection but, in order to

assure the proper disposition of the Motion, we conducted a telephonic Status Conference, with counsel for the parties, on September 24, 2007.

At the time of the Conference, the Plaintiffs appeared by Gale D. Pearson, Stephen J. Randall, and Erich L. Koch, Esqs.; the Defendant Altria Group, Inc., appeared by William P. Studer, Esq.; and the Defendant Philip Morris USA, Inc., appeared by Judy Bernstein-Gaeta, Esq.

For reasons which follow, we recommend that the informal Motion to Remand be granted.[1]

---

[1]"Given the unsettled state of the law on the question," see, Stearns County v. Hoeschen, 2006 WL 2735493 at *1 n. 1 (D. Minn., August 31, 2006), we express our ruling as a recommendation in deference to the District Court. Compare, Banbury v. Omnitrition Intern., Inc., 818 F. Supp. 276, 279 (D. Minn. 1993)(finding Motion to Remand to be non-dispositive), and Dyrda v. Wal-Mart Stores, Inc., 41 F. Supp.2d 943, 945 (D. Minn. 1999)(same), with Abfalter v. Scott Companies, Inc., 2001 WL 1517035 at *1 (D. Minn., November 27, 2001)("Because a grant of a motion to remand is dispositive of the case in federal court, this R&R will be reviewed under the de novo standard."), and Haag v. Hartford Life and Accident Ins. Co., 188 F. Supp.2d 1135, 1136 (D. Minn. 2002)(same). The only Courts of Appeal to have reviewed the question have concluded that Motions to Remand are dispositive. See, Vogel v. U.S. Office Products Co., 258 F.3d 509, 517 (6th Cir. 2001); First Union Mortgage Corp. v. Smith, 229 F.3d 992, 995-996 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142, 992 (3rd Cir. 2000). Accordingly, as an exercise of caution, we issue our ruling as a recommendation to the District Court.

Further, at the time of the Status Conference, the Defendants were not amenable

(continued...)

## II. Discussion

This is a class action, which was originally filed on November 28, 2001, in the Minnesota District Court for the County of Hennepin, and in which the Plaintiffs allege that the Defendants falsely, and misleadingly, represented their "light" cigarettes to have lower tar and nicotine than their "regular cigarettes," and accordingly, have assertedly engaged in unfair business practices. On November 29, 2004, the Minnesota District Court, following a reconsideration, certified a class of "[a]ll persons who purchased Defendants' Marlboro Lights cigarettes in Minnesota for personal consumption * * *." Curtis v. Philip Morris Cos., 2004 WL 2776228 (Minn.Dist.Ct., November 29, 2004) at *1. Thereafter, following a different Minnesota District Court's grant of Summary Judgment, on Federal preemption grounds, to the defendants in a paralleling class action, see, Dahl v. R.J. Reynolds Tobacco Co., 2005 WL 1172019 (Minn.Dist.Ct., May 11, 2005), the Minnesota District Court stayed further proceedings in this action until the exhaustion of judicial review in Dahl.

---

[1](...continued)
to stipulating to a remand, although they confirmed that a remand would not be opposed. Accordingly, to facilitate the disposition of the matter, we issue this Report and Recommendation to the District Court, the Honorable Patrick J. Schiltz presiding.

On September 23, 2005, the Defendants filed their Notice of Removal in this action, in which they alleged that, on August 25, 2005, the United States Court of Appeals issued an opinion, in which it affirmed the holding of a District Court, that a "light" cigarette class action is subject to Federal Jurisdiction under the Federal Officer Removal Statute, Title 28 U.S.C. §1442(a). See, Watson v. Philip Morris Cos., 420 F.3d 852 (8th Cir. 2005), reversed, --- U.S. ---, 127 S.Ct. 2301 (2007). Although the Notice of Removal was not filed "within thirty days after receipt by the defendant[s], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter," see Title 28 U.S.C. §1446(b), the Defendants urged that their notice was timely under the second paragraph of Section 1446(b).

As argued by the Defendants, "[i]f the case started by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable * * *." Id. The Defendants contended that the Court of

Appeals decision, in Watson, was such an "order or other paper" from which the thirty days should recommence. Notably, the same argument was made to the District Court in Dahl v. R.J. Reynolds Tobacco Co., Civ. No. 05-2207 (JMR/FLN)(D. Minn.), and, given an appeal from the District Court's denial of a Motion to Remand on that precise ground, the parties to this proceeding stipulated that this action be stayed "until the completion of all appellate review" in the Federal Dahl case, and a Stay Order was entered on July 31, 2006. See, Docket Nos. 48 and 49.

On February 28, 2007, the Court of Appeals for the Eighth Circuit overruled the District Court, in Dahl, and remanded that action to the Minnesota Court of Appeals, from which it had been removed. See, Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965 (8th Cir. 2007). The Court concluded that the District Court should have remanded Dahl to the State Court, "[s]ince the statutory thirty day limit was not recommenced by [the defendants'] receipt of a copy of our Watson decision." Id. at 970-71. Accordingly, given the Court of Appeals' ruling in Dahl, which was not appealed further, the Defendants' Notice of Removal in this action was untimely, and this action should be remanded to the Minnesota District Court, for reasons detailed in Dahl.

Beyond the Court of Appeals' decision in Dahl, however, is the Supreme Court's ruling in Watson v. Philip Morris Cos., Inc., supra, 127 S.Ct. 2301 (2007), where the Court rejected the Defendants' contention that the Federal Officer Removal Statute extended Federal Question Jurisdiction over the acts upon which the Plaintiffs' claims are based, and reversed the Eighth Circuit's ruling to the contrary. The Court concluded that the Defendant cigarette manufacturer's regulatory compliance with Orders from the Federal Trade Commission did not bring the Defendant within the scope of "acting under a federal 'officer.'" Id. at 2310. As the Defendants concede, "[i]n light of the United States Supreme Court decision in Watson v. Philip Morris Cos., Inc., 127 S.Ct. 2301 (2007), rejecting federal officer removal as a basis for federal jurisdiction in a materially identical case, defendants do not object to remand of this case to state court." See, Docket No. 53.

Finding that the removal of this case is doubly vexed, under both the Court of Appeals' decision in Dahl, and the Supreme Court's holding in Watson, we recommend that the Plaintiffs' informal Motion to Remand be granted, and that this case be remanded to the Minnesota District Court for Hennepin County, from whence it came.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Plaintiffs' informal Motion to Remand [Docket No. 54] be granted.

2. That the Clerk of Court be directed to remand this action to the Minnesota District Court for Hennepin County, from which it was removed.

Dated: September 25, 2007

s/Raymond L. Erickson
Raymond L. Erickson
CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than October 15, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than October 15, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.